# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:19-CV-278-CHL

**PETER MOZONE, III,**                                                                                      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                                  **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint (DN 1) filed by Plaintiff Peter Mozone, III ("Mozone"). In his Complaint, Mozone seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 12.) Mozone filed a Fact and Law Summary on August 23, 2019. (DN 14.) The Commissioner filed a Fact and Law Summary in response on October 15, 2019. (DN 18.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

### I.     BACKGROUND

On October 23, 2015, Mozone filed an application for supplemental security income ("SSI"). (DN 10-5, at PageID # 352-60.) On April 3, 2018, Administrative Law Judge Teresa A. Kroenecke (the "ALJ") conducted a hearing on Mozone's application. (DN 10-2, at PageID # 124-53.) In a decision dated May 24, 2018, the ALJ proceeded through the five-step evaluation process promulgated by the Commissioner to determine whether an individual claimant is disabled. (*Id.* at 66-79.) As part of his analysis, the ALJ explained,

> The claimant's attorney argued that the claimant's past relevant work was consistent with a special vocational profile case; however, I find this to be incorrect. The

> claimant worked for Travelodge that was later purchased by Sohum from 2003 to 2005. The claimant testified that he began working for Travelodge in June 2003. The evidence of record shows he earned $10,136 over the course of six months in 2003, which equates to $1,689 per month. This amount exceeds the 2003 [substantial gainful activity] threshold of $800 per month or $9,600 for the year. The claimant's earnings reported in 2004 and 2005 do not exceed the SGA threshold.

(*Id.* at 78.) Accordingly, the ALJ found that Mozone did not meet the special vocational profile he advanced. (*Id.*) The ALJ ultimately concluded that Mozone "ha[d] not been under a disability, as defined in the Social Security Act, since October 23, 2015, the date the application was filed." (*Id.* at 79.)

Mozone subsequently requested that the Appeals Council review the ALJ's decision (DN 10-4, at PageID # 345-50), which denied his request for review on February 12, 2019. (DN 10-2, at PageID # 53-60.) The communication from the Appeals Council was titled in bold "NOTICE OF APPEALS COUNCIL ACTION," and stated,

> We have found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.

(*Id.* at 53.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2019); *see also* 42 U.S.C. § 405(g)-(h) (2018); 42 U.S.C. § 1383(c)(3) (2018) (noting that judicial review is available to the same extent specified in section 405(g)). Pursuant to 20 C.F.R. § 422.210(c), Mozone is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Accordingly, Mozone timely filed this action on April 12, 2019. (DN 1.)

## II.   DISCUSSION

The Social Security Act authorizes payments of SSI to persons with disabilities. *See* 42 U.S.C. §§ 1381-1383f (2018). An individual shall be considered "disabled" if he or she is unable

2

"to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a) (2019).

### A.   Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B.   Five-Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. § 416.920 (2019). In summary, the evaluation process as follows:

> (1)   Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> (2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[1] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.
>
> (3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.
>
> (4)   Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> (5)   Does the claimant's RFC, age, education and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 416.920(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C.   Mozone's Contention

Mozone alleged that the Appeals Council erred by not applying a special medical vocational profile to his case. (DN 14-1, at PageID # 586.) Specifically, Mozone alleged that at

---

[1] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve (12) months. 20 C.F.R. § 416.909 (2019).

the time of the Appeals Council's denial of his request for review, he met all criteria for the special medical vocational profile set forth in 20 C.F.R. § 916.962(b), including the requirement that he had no past relevant work experience. (*Id.* at 589.) Mozone conceded that the ALJ correctly determined in her May 24, 2018, decision that Mozone had past relevant work experience within fifteen years of the date of the ALJ's decision. (*Id.*) However, Mozone contended that at the time the Appeals Council denied review of the ALJ's decision, on February 24, 2019, he no longer had past relevant work experience because the work experience discussed by the ALJ was more than fifteen years from the date of the Appeals Council's review of his case. (*Id.*) He argued that the fifteen-year period applicable to considering whether a claimant has past relevant work counts from the date of the decision being made, including from the date of the Appeals Council's decision. (*Id.* at 589-90.) Thus, he claimed it was error for the Appeals Council to deny review of the ALJ's decision because as of the date of its denial of review, Mozone met all criteria of 20 C.F.R. § 416.962 and was disabled. (*Id.* at 590.) Because Mozone's argument is a challenge to the Appeals Council's determination not to review the ALJ's decision, the Court concludes that it does not have jurisdiction to entertain Mozone's argument.

The Social Security Act provides, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). "But the [Social Security] Act does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The applicable regulations provide that where the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 422.210(a); 20

5

C.F.R. §§ 416.1400(a)(4)-(5), 416.1455, 416.1481 (2019); *see also Sims*, 530 U.S. at 106 ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision."). Indeed, 20 C.F.R. § 422.210(a) expressly provides that "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council *when that is the final decision of the Commissioner.*" 20 C.F.R. § 422.210(a) (emphasis added). As noted above, the scope of the Court's review under the applicable statutory authority is expressly limited to whether the final decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied in that decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Key*, 109 F.3d at 273; *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993) (citing 42 U.S.C. § 405(g)) ("We review the final decision of the [Commissioner] to determine whether it is supported by substantial evidence."). Thus, the Appeals Council's denial of review of the ALJ's decision is not a final decision of the agency and therefore is not subject to judicial review. *See Meeks v. Sec'y of Health & Human Servs.*, 996 F.2d 1215, 1993 WL 216530, at *1 (6th Cir. June 18, 1993) (citing 20 C.F.R. § 404.955) (unpublished) ("An Appeals Council order denying review is not, however, a reviewable order; such an order serves only to make the decision of the ALJ the final reviewable decision of the [Commissioner]."); *Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny

review."); *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."). Accordingly, this Court may not consider Mozone's argument.

Despite being unable to consider Mozone's argument, this Court does have jurisdiction over this action more generally because there is a final decision of the Commissioner in the record: the ALJ's May 24, 2018, decision. However, Mozone has not asserted that the ALJ's decision contained any errors, and he did not challenge any of the numerical findings within the ALJ's decision as directed by the Court's July 18, 2019, Order. (*See* DN 11, at PageID # 569 ("[T]he plaintiff must set forth his/her position by an appropriate memoranda of law specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors alleged.").) Without any such challenge to the ALJ's decision, the Court finds that the same is supported by substantial evidence. Accordingly, the ALJ's decision is affirmed.

### III. CONCLUSION AND ORDER

For the reasons set forth above, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that the final the decision of the Commissioner of Social Security is **AFFIRMED**, and this action is **DISMISSED** with prejudice. A final judgment will be entered separately.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record
September 25, 2020